**UNITED STATES of America, et al., Plaintiffs,**

v.

**STATE OF FLORIDA, et al., Defendants.**

**No. TCA 83–7333–WS.**

United States District Court, N.D. Florida, Tallahassee Division.

March 2, 1984.

Michael Moore, Asst. U.S. Atty., Tallahassee, Fla., David J. Anderson, Arthur R. Goldberg, Lawrence A.G. Moloney, Dept. of Justice, Civ. Div., Kenneth N. Weinstein, Dept. of Transp., Donald L. Ivers, Chief Counsel, Federal Highway Admin., Washington, D.C., for plaintiffs.

Sydney H. McKenzie, III, Gen. Counsel, Jim Smith, Atty. Gen. of Florida, Sidney A. Stubbs, Jr., Mark A. Linsky, Mitchell D. Franks, Bruce Barkett, Dean C. Kowalchyk, Dept. of Legal Affairs, Tallahassee, Fla., for defendants.

### ORDER

STAFFORD, Chief Judge.

This action was brought by the United States, seeking declaratory relief and a pre-

liminary injunction (document 4) prohibiting the State of Florida from enforcement of certain provisions of Florida S.B. 968, amending section 316.515(3) of Florida Statutes. The United States maintains that these statutes conflict with and are preempted by provisions of the Surface Transportation Assistance Act of 1982, Public Law 97–424, 96 Stat. 2097 (January 6, 1983) ("STAA" or "Act"). Florida responded, opposing the government's motion (document 8). An evidentiary hearing on the requested preliminary injunction was held on October 14, 1983.

By stipulation, defendants Jim Smith, Attorney General of Florida, and George Firestone, Secretary of State, were dismissed (document 27). Accordingly, any relief accorded herein is directed to the remaining defendants, Robert Graham, Governor of Florida, and Robert A. Butterworth, Executive Director of Highway Safety and Motor Vehicles of Florida.

At the close of the evidentiary hearing, both parties agreed that evidence was before the court addressing both the requested preliminary injunction and declaratory relief and the case was ripe for final judgment. This court announces its final judgment by this memorandum and order.

The Surface Transportation Assistance Act of 1982 ("STAA"), 49 U.S.C. § 2311 *et seq.*, authorized the use of tandem trucks, also known as truck tractor, semi-trailer, trailer combinations, on all Interstate Defense Highways and on Federal-Aid Primary Highways designated by the Secretary of Transportation. 49 U.S.C. § 2311(e)(1). The "STAA" expressly bars the states from prohibiting tandem trucks on these highways. 49 U.S.C. § 2311(c).

On July 1, 1983, amendments to section 316.515 of the Florida Statutes regulating the use of tandem trucks became effective. On the same date an emergency rule, promulgated pursuant to section 316.-515(3)(c)(1) of the Florida Statutes, took effect. Emergency Rule, Florida Department of Transportation, July 1, 1983 (Complaint Exhibit B). It is this rule and the conflicting portions of the Florida statute

which the United States has requested this court to enjoin and to declare as an attempted unconstitutional exercise of power by the State of Florida.

The Congress must have anticipated the states' attempts to thwart this legislation when it authorized the Secretary or the Attorney General, acting at the request of the Secretary, to bring legal action for injunctive relief. 49 U.S.C. § 2313 provides that the district court in which the suit is brought:

shall, upon a proper showing, issue a temporary restraining order or preliminary or permanent injunction. In any such action the court may also issue a mandatory injunction commanding any State to comply with any applicable provision of [Title IV of the STAA] or any rule issued under the authority of [Title IV].

Since this suit is brought pursuant to statutory mandate, there is an implied finding that violations of the statute will harm the public and ought to be restrained. *United States v. City and County of San Francisco*, 310 U.S. 16, 30–31, 60 S.Ct. 749, 756–757, 84 L.Ed. 1050 (1940). *United States v. Diapulse Corp. of America*, 457 F.2d 25, 28 (2nd Cir.1972). Consequently, the United States need not show a threat of irreparable injury. *SEC v. Management Dynamics, Inc.*, 515 F.2d 801, 808–09 (2nd Cir.1975). The United States need only make the "proper showing" which this court finds to be a showing that the state has enacted legislation which is prohibited by the Act or that is in conflict with the federal scheme.

The State of Florida has enacted legislation which conflicts at least in part with the STAA by attempting to delegate to the Florida Department of Transportation the authority to designate which Florida primary system highways will be included in the tandem truck network. Florida Statutes section 316.515(3)(c)(1) provides in part:

[the state's tandem truck] network shall consist of all highways on the interstate highway system, those sections of the

federal-aid primary system which are divided highways with four or more lanes and full control of access ..., and other designated routes consisting principally of four or more lanes and full control of access. *Such other routes may be designated by the [Florida] Department of Transportation* ... and may be nominated by the appropriate county, municipality or expressway authority if such routes ... shall meet the safety, roadway facility capability, and public convenience standards adopted by the [Florida] Department of Transportation. (emphasis added.)

This section conflicts with 49 U.S.C. §§ 2311(c) and (e)(1) which grant the power to designate which Federal-Aid Primary Highways will be a part of the tandem truck network to the Secretary of Transportation, plaintiff in this action:

No State shall prohibit commercial motor vehicle combinations consisting of a truck tractor and two trailing units on any segment of the National System of Interstate and Defense Highways, and those classes of qualifying Federal-aid Primary System highways as *designated by the Secretary* pursuant to subsection (e) of this section.

The *Secretary shall designate* as qualifying Federal-aid Primary System highways subject to the provisions of subsections (a) and (c) of this section those Primary System highways that are capable of safely accommodating the vehicle lengths set forth therein.

Section 316.515(3)(b) of the Florida Statutes attempts to grant to the Florida Department of Transportation the power to designate which highways may be used by truck tractor semitrailer combinations which exceed a total length of 55 feet.

Except for highways on the interstate highway system and those segments of the federal-aid primary system, and other systems *as designated by the [Florida] Department of Transportation,* public roads deemed unsafe for longer semitrailer vehicles or those roads where such longer vehicles are determined not to be in the interest of public convenience shall, in conformance with S. 316.006, be restricted by the Department of Transportation or by local authority to use by truck tractor-semi-trailer combination not exceeding a total length of 55 feet ....

Fla.Stat. § 316.515(3)(b) (1983). This section conflicts with 49 U.S.C. § 2311(b) which prohibits the states from imposing *any* overall length limitations on commercial vehicles.

(a) No State shall establish, maintain, or enforce any regulation of commerce which imposes a vehicle length limitation of less than forty-eight feet on the length of the semitrailer unit operating in a truck tractor-semitrailer combination, and of less than twenty-eight feet on the length of any semitrailer or trailer operating in a truck tractor-semitrailer-trailer combination, on any segment of the National System of Interstate and Defense Highways and those classes of qualifying Federal-aid Primary System highways as designated by the Secretary, pursuant to subsection (e) of this section.

(b) Length limitations established, maintained, or enforced by the States under subsection (a) of this section shall apply solely to the semi-trailer or trailer or trailers and not to a truck tractor. *No State shall establish, maintain, or enforce any regulation of commerce which imposes an overall length limitation on commercial motor vehicles operating in truck-tractor semitrailer or truck tractor semitrailer, trailer combinations.* No State shall establish, maintain, or enforce any regulation of commerce which has the effect of prohibiting the use of trailers or semitrailers of such dimensions as those that were in actual and lawful use in such State on December 1, 1982.

The third conflict is found in section 316.-515(3)(c)(1) of the Florida Statutes which authorizes the restriction of days and hours of operation of tandem trucks. It was this section which provided the statutory basis for the objectionable emergency rule restricting all tandem trucks from interstate

highways in major urban areas in Florida during certain days and hours. Emergency Rule, Florida Department of Transportation, July 1, 1983 (Complaint Exhibit B).

The pertinent part of that section states: "The [Florida] Department of Transportation may restrict the days and hours of operation of *any segment of the tandem truck network* based on considerations of safety, roadway facility capability, and public convenience." Fla.Stat. § 316.-515(3)(c)(1) (1983).

Florida's statutory right as expressed in section 316.515(3)(c)(1) expressly conflicts with 49 U.S.C. § 2311(c):

(c) No State shall prohibit commercial motor vehicle combinations consisting of a truck tractor and two trailing units on any segment of the National System of Interstate and Defense Highways, and those classes of qualifying Federal-aid Primary System highways as designated by the Secretary pursuant to subsection (e) of this section.

That there is a direct conflict between the Florida statute and the STAA is apparent. Given the facts presented in this case, the court need do no more than to cite the District Court in Connecticut in its well-reasoned opinion in a similar action in that state:

Where Federal and state statutes conflict, the Supremacy Clause of the United States Constitution, Art. VI, provides that the state statute must give way. A long history of law has established beyond the slightest doubt that Congress has preeminent authority under the Commerce Clause of the Constitution, Art. I, § 8, to legislate where activities affecting interstate commerce are concerned, to preempt those state laws in conflict with congressional enactments, and to prohibit state regulations concerning activities having a substantial effect on interstate commerce even in the absence of any contradictory congressional enactments.

*United States v. State of Connecticut,* No. H83–445, (D.Conn. June 13, 1983).

Florida has urged this court to refrain from acting on the requested preliminary injunction since there is no action presently being taken which conflicts with the federal statute, and the State asserts that no conflict is anticipated. But neither the United States nor the truckers who rely on these federal statutes need wait until the State of Florida again acts unconstitutionally to restrict the access to federal highways granted to tandem trucks by the STAA. The potential disruption of the network would make planning by commercial trucking firms virtually impossible. Florida already relied upon its statute to disrupt the tandem truck network when it enacted the emergency rule which expired prior to this hearing. There is no need to await similar future action for this court to rule.

This court finds that:

1. Section 316.515(3)(c)(1) of the Florida Statutes is void under the Supremacy Clause of the United States Constitution, Article VI, Clause 2, insofar as it reserves the power to designate which Florida Primary Federal-Aid Highways will be included in the tandem truck network.

2. Section 316.515(3)(b) of the Florida Statutes is void under the Supremacy Clause of the United States Constitution, Article VI, Clause 2, insofar as it sets an overall length limitation on commercial motor vehicles in express conflict with 49 U.S.C. § 2311(b). .

3. Section 316.515(3)(c)(1) of the Florida Statutes is void under the Supremacy Clause of the United States Constitution, Article VI, Clause 2, insofar as it attempts to restrict the days and hours of operation of any segment of the tandem truck network. .

Accordingly, it is ordered:

Defendants and their successors, officers, agents, servants, employees, and attorneys are permanently enjoined from enforcing the sections herein described as they conflict with the provisions of 49 U.S.C. § 2311.