REQUESTED BY: H. W. LeGrande, Superintendent Nebraska State Patrol
Do the length limitations contained in23 C.F.R. § 658.13(d)(1)(iii) (1990) preempt the length limitations set forth in Neb.Rev.Stat. § 39-6,179(1)(b) (Reissue 1988)?
Should the State Patrol cease enforcing the provisions of Neb.Rev.Stat. § 39-6,179(1)(d) (Reissue 1988) without a change in the law or a court order to that effect?
If Neb.Rev.Stat. § 39-6,179(1)(b) (Reissue 1988) is preempted by the amendment of 23 C.F.R. § 658.13(d)(1) (iii) (1990), is any part of that section enforceable? If so, what parts are enforceable?
We believe that any provision of Neb.Rev.Stat. § 39-6,179(1)(b) (Reissue 1988) in conflict with the provisions of 23 C.F.R. § 658.13(d)(1)(iii) (1990) is preempted or ceases to exist on the effective date of the federal rule.
Yes.
Any portion of Neb.Rev.Stat. § 39-6,179(1)(b) (Reissue 1988) not in conflict with federal law, remains effective and should be enforced by the State Patrol.
Your letter of September 19, 1990, requests the opinion of this office regarding a rule and regulation of the Federal Highway Administration,23 C.F.R. § 658.13(d)(1)(iii) (1990), which allows the movement of triple saddle mount vehicles of up to 75 feet in length on the National Network of Highways.
23 C.F.R. § 658.13(d)(1)(iii) (1990) provides in pertinent part: Drive-away saddle mount vehicle transporter combinations and drive-away saddle mount with full mount vehicle transporter combinations are considered to be specialized equipment. No State shall impose an overall length limit of less than 75 feet on such combinations. . . .
The authority of the Federal Highway Administration (FHWA) to promulgate a preemptive rule on specialized equipment is set forth in 49 U.S.C.S. Appx. § 2311(d), which provides: The Secretary is authorized to establish rules to implement the provisions of this section, and to make such determinations as are necessary to accommodate specialized equipment (including, but not limited to, automobile and boat transporters) subject to subsections (a) and (b) of this section.
There is a threshold question of whether or not the Federal Highway Administration may validly regulate vehicle dimensions on federally assisted State highways. As stated in your letter, regulation of traffic for safety reasons has traditionally been considered an exercise of the "police power" reserved by the State government. Additionally, as you state, the length limitation of 65 feet has been in place "for at least the last six years", without any apparent obstruction of interstate commerce.
The federal government, in the exercise of its enumerated power under the commerce clause, entered the field of regulation of vehicle length on federally assisted State highways with the passage of the Surface Transportation Assistance Act of 1982, Public Law 97-424, 96 Stat. 2097. The question of whether this federal action validly preempted State police power regulation of vehicle length has been answered affirmatively. New York State Motor Truck Assn. v. New York, 654 F. Supp. 1521, (SD NY, 1987), National Freight Inc. v. Larson, 760 F.2d 499, (CA3 PA, 1985), United States v. Florida, 585 F. Supp. 807, (ND FLA, 1984). These cases concern the statutory preemption of State regulation concerning vehicle length and although we find no case law concerning the preemption of State vehicle length limitations by federal rule and regulation promulgated pursuant to 49 U.S.C.S. 2311(d), we can find no basis to distinguish between the preemptive effect of a statute and that of a valid rule and regulation adopted pursuant to legislative authorization.
Rules and regulations of federal agencies in other areas of regulation have been held to supersede State statutes. In U.S. v. Shimmer, 367 U.S. 374, 6 L Ed 2d 908
(1961), a rule and regulation of the Veterans Administration regarding discharge of a debtor on veteran guaranteed mortgages was held to supersede conflicting Pennsylvania statutes on the same subject matter. Similarly, in Illinois C.R. Co. v. State Public Utilities Commission, 245 U.S. 493,62 L Ed 425 (1918), State statutory limitations were held to be superseded when the Interstate Commerce Commission approved a merger. The preemptive relationship between federal rule and conflicting State statutes is stated as follows:
State statutes may be suspended or superseded to the extent to which they conflict with valid regulations or orders of federal administrative agencies, . . . 2 Am.Jur.2d Administrative Law § 213.
There is no question that current Nebraska vehicle length law is in conflict with federal rules with respect to certain designated vehicles. Triple saddle mount trucks, by the terms of Neb.Rev.Stat. § 39-6,179(1)(b) (Reissue 1988), may not exceed 65 feet in length. Section39-6,179(1)(b) is in obvious conflict with23 C.F.R. § 658.13(d)(1)(iii). By the terms of23 C.F.R. § 658.13(d)(1)(iii), those same vehicles are allowed to be up to 75 feet in length.
. . . State law can be pre-empted in either of two general ways. If Congress evidences an intent to occupy a given field, any state law falling within that field is preempted. Id., at 203-204, 75 L.Ed.2d 752,103 S. Ct. at 203-204, 75 L.Ed.2d 752, 103 S. Ct. 1713; Fidelity Federal Savings Loan Assn. v. De la Cuesta, 458 U.S. 141, 153,73 L.Ed.2d 664, 102 S. Ct. 3014 (1982); Rice v Santa Fe Elevator Corp., 331 U.S. 218, 230, 91 L.Ed. 1447, 67 S. Ct. 1146 (1947). If Congress has not entirely displaced state regulation over the matter in question, state law is still pre-empted to the extent it actually conflicts with federal law, . . . (Emphasis added.) Silkwood v. Kerr-McGee Corp., 464 U.S. 238,78 L.Ed.2d 443, 462 (1984).
Here, 23 C.F.R. § 658.13(d)(1)(iii) displaces § 39-6,179(1)(b) only to the extent that the latter limits the length of triple saddle mount trucks to 65 feet while the former permits them to be up to 75 feet in length.
We agree with the statements set forth in your letter requesting this opinion that the Nebraska State Patrol does not have the authority to amend State statutes, however, a State statute which has been preempted by federal regulations ceases to exist from the moment that the federal rule becomes effective. Any power which the states have exercised over interstate commerce by reason of congressional inaction ceases to exist from the moment that Congress exerts its paramount authority over the subject by enacting a statute that covers the same subject matter as, or is in direct conflict with, a state statute, even if, by the terms of the act of Congress, it is not to take effect until a future date. The exercise of power by Congress under such circumstances is not only supreme and paramount but also exclusive, superseding the state law and excluding additional or further regulation covering the same subject by the state legislature, regardless of whether the state regulations were adopted with respect to matters incidentally affecting such commerce or were enacted as a proper exercise of the police power. . . . 15 Am.Jur.2d Commerce § 33.
It therefore appears that after September 10, 1990, Neb.Rev.Stat. § 39-6,179 (Reissue 1988) no longer controls the length of triple saddle mount trucks on the National Network of Highways. This is so even though the legislature of the State of Nebraska has not acted to repeal or amend that section. However, § 39-6,179(1)(b) is still effective to regulate the length of other vehicles so long as the restriction does not conflict with federal law.
Sincerely,
ROBERT M. SPIRE Attorney General
John E. Brown Assistant Attorney General
JEB/ta
Approved:
_______________________________ Robert M. Spire Attorney General